

Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Phone:  212.687.1980
Fax:  212.687.7714
Email:  dstraite@kaplanfox.com
www.kaplanfox.com

June 29, 2018

**Via ECF and COURIER**

Honorable Mark Falk, U.S.M.J.
United States District Court
District of New Jersey
Frank R. Lautenberg U.S.P.O. & Courthouse
1 Federal Square, Room 457
Newark, New Jersey 07102

   Re: *In re: Horizon Healthcare Services Inc. Data Breach Litig.*, 13-cv-7418 (D.N.J.)
      **Notice of Discovery Disputes**

Dear Judge Falk,

  I represent the Plaintiffs in the above-captioned class action.  As instructed during Your Honor's telephonic hearing on May 25, 2018, the parties met in person on June 8, 2018, in an effort to narrow the scope of discovery disputes in this litigation.  On June 8, 2018, the parties agreed to continue discussions during a telephonic meet-and-confer on June 25, 2018, see Status Letter dated June 15, 2018 (ECF No. 109), and report back to the Court by June 29, 2018.  This letter is Plaintiffs' report.

  In short, although the twice-extended court-imposed deadline to produce documents has passed, Defendant has produced only 26 internal documents (and a handful of publicly available documents) in the past eleven months.  It is proven and clear Defendant has no intention of complying with the Court's discovery orders absent a motion to compel, hoping that their outstanding 12(b)(6) motion will narrow the scope of discovery– in short, Defendant has refused to comply with several Court orders and granted itself a discovery stay through improper means.[1]  Plaintiffs thus ask for a hearing at the next available opportunity to address the disputes in person.

---

[1] Defendant has also admitted improper purpose in its delay.  *See* ECF No. 107 at 2, n. 1.

1. **Background**

This case followed Defendant Horizon's announcement in November 2013 that two laptops were stolen from its headquarters on November 1, 2013. The laptops improperly contained medical, financial, and other personal information on approximately 840,000 New Jersey citizens. In violation of federal law, the laptops were also not encrypted. Plaintiffs assert statutory and common law claims related to the improper disclosure of data as well as the improper failure to secure the data. The New Jersey Attorney General conducted a related multi-year investigation and charged Horizon with two dozen counts of "unconscionable commercial practices" and five counts of "false promises and/or misrepresentations." During the investigation, Horizon produced more than 8,000 documents to the NJ AG.

2. **Discovery History**

Plaintiffs served discovery on March 23, 2017, well over a year ago. The parties appeared before Your Honor on May 17, 2017, during which time the Defendants agreed to produce "all documents produced to" the NJ AG in connection with the investigation, among other documents. Your Honor incorporated this agreement into a formal order on June 6, 2017. ECF No. 77. Defendant was also ordered to produce a privilege log of documents withheld. *Id*. ¶ 2(d). Following oral argument on Defendant's motion to dismiss on July 17, 2017, Judge Cecchi ordered the parties to mediation and ordered the production of additional documents on a priority basis. ECF No. 92. Discovery was otherwise temporarily stayed for two months to allow the parties to focus on mediation.

After mediation failed, discovery resumed. Document discovery was originally ordered to end no later than January 8, 2018, see ECF No. 88, but this was extended to March 19, 2018, because of the mediation-related temporary stay. ECF No. 102. At Defendant's request, the March 19th deadline was extended yet again (with Plaintiffs' consent) to May 31, 2018. *Id*. At all times, Defendant was required to continue a rolling production "in good faith." However, Defendant failed to comply. Other than the

priority documents produced prior to mediation, Defendant elected to ignore the Court orders and produced only 24 additional internal documents in 2017 – and none since. On May 22, 2018, Plaintiffs notified Your Honor of Defendant's violations and asked for entry of a motion to compel, or alternatively for a court conference. The parties then conferred further as noted above, and in the past few weeks Defendant has only produced a handful of public documents and a pre-existing 16,000-entry privilege log dated January 2015 (twice as big as the actual NJ AG production) improperly withheld for a year.

**3. Current Disputes**

Most of the disputes in this case can be explained by one over-arching truth: Defendant refuses to engage in document discovery beyond copying documents produced in previous litigation while waiting for a ruling on its 12(b)(6) motion. Defendant thus crafted a universe of bad-faith objections to written discovery in this case that, when taken together, improperly conform prior document productions to the facts of this case. These procrustean objections make no sense except through this lens. For example, Defendant's disclosures name four employees likely to have discoverable information – but now Defendant refuses to search the files of two of them. Likewise, Defendant refuses to search the files of the company's CFO, even though he was intimately involved in remedial privacy efforts at the company and even signed the consent decree with the NJ AG. Defendant has also (so far) not searched the documents of the two employees whose laptops were stolen, refused to agree to obvious date ranges beyond what was used in the NJ AG production, and so far refused to produce entire categories of documents that, not coincidentally, were not at issue in the NJ AG production – but are at issue here. Finally, there are a number of disputes can also only be explained as a bad faith effort to stymie Plaintiffs' fair investigation of claims – for example, Defendant's failure to produce the interrogatory responses given to the NJ AG a year after being ordered by Your Honor to do so.

Plaintiffs respectfully request a hearing to address these and other discovery disputes.

Hon. Mark Falk, U.S.M.J.
June 29, 2018
Page 4

Respectfully submitted,

*/s/ David A. Straite*

David A. Straite
Co-Counsel for Plaintiffs