**GT GreenbergTraurig**

David Jay, Esq.
Tel (973) 360-7912
Fax (973) 301-8410
jayd@gtlaw.com

June 29, 2018

**Via Facsimile (973-645-3097) and ECF**

Honorable Mark Falk, USMJ
United States District Court
District of New Jersey
Frank R. Lautenberg US PO & Courthouse
1 Federal Square, Room 457
Newark, New Jersey   07102

    Re:    **In re Horizon Healthcare Services, Inc. Data Breach Litigation**
              **Civil Case No. 2:13-cv-07418 CCC-MF**

Dear Judge Falk:

      Defendant Horizon Healthcare Services, Inc. ("Horizon") respectfully submits this brief letter to summarize issues that have arisen in the course of discovery, in accordance with the guidance Your Honor provided during the parties' May 25, 2018, telephonic conference.

      *Background*.  As Your Honor knows, this putative class action was filed following a discrete incident in November 2013, where two cable-locked laptop computers were physically stolen from Horizon's headquarters.  The New Jersey Attorney General thoroughly investigated the 2013 theft, issuing a broad subpoena covering all records related to that incident.  In response, Horizon searched the electronic files of over 25 custodians, collected and reviewed hundreds of thousands of pages of material, and produced over 25,000 pages of material.

      Horizon's motion to dismiss was fully briefed on June 6, 2017, and the Court heard oral argument on July 17, 2017.  The Court's forthcoming decision on the motion will establish whether any of plaintiffs' claims remain, and will certainly impact the scope of discovery.

GREENBERG TRAURIG, LLP ◻ ATTORNEYS AT LAW ◻ WWW.GTLAW.COM
500 CAMPUS DRIVE, SUITE 400, FLORHAM PARK, NEW JERSEY 07932 ◻ TEL: 973.360.7900 ◻ FAX 973.301.8410

Honorable Mark Falk, USMJ
June 29, 2018
Page 2

On July 7, 2017, Horizon produced to Plaintiffs over 25,000 pages of material that it previously had produced to the New Jersey Attorney General related to the November 2013 laptop theft and other incidents. At the same time, Horizon produced an additional 8,253 pages that had previously been compiled in connection with another case, *In re Anthem, Inc., Data Breach Litigation*, 15-md-2617-LHK (N.D. Cal.). Since that time, Horizon has made six (6) additional productions in response to certain directed requests from Plaintiffs. By comparison, Plaintiffs have produced a total of eight (8) documents and only today provided us with Mr. Meisel's member ID number.

***Plaintiffs' Discovery Requests***. Even though the District Court's decision on Horizon's pending motion to dismiss might obviate the need for costly and unnecessary discovery and litigation expenses, Horizon has continued discovery at the Court's direction. The parties have met and conferred regarding the scope of the additional discovery Plaintiffs seek and have narrowed their disputes regarding some of Plaintiffs' requests. However, Plaintiffs continue to insist on discovery that is not "proportional to the needs of the case" and imposes burden and expense that outweighs any arguable benefit. *See* Fed. R. Civ. P. 26(b)(1). In this regard, while some specific requests remain in dispute, the overarching issues that remain unresolved are:

1. Whether Horizon should search the files of 18 additional custodians—beyond the 32 custodians already searched for the NJAG production (for a total of 50 custodians, amounting to significant expenses and legal fees)—when the additional custodians were not involved with the events underlying the November 2013 laptop theft or are cumulative of other custodians whose files were searched and produced;

Honorable Mark Falk, USMJ
June 29, 2018
Page 3

2. Whether Plaintiffs' proposed date range of January 1, 2008 to the present—a period of over 10 years continuing indefinitely into the future—for certain requests is proportional to the needs of this case, which concerns a discrete incident that occurred in November 2013; and

3. Whether Horizon should be forced to continue to search for documents that have little if anything to do with the November 2013 laptop theft.  For example, with respect to their requests 32 and 33, Plaintiffs argue only that they are necessary to "explore" their unsupported allegation that Horizon is a consumer reporting agency under the Fair Credit Reporting Act ("FCRA").  As Horizon demonstrated in its pending motion to dismiss, plaintiffs' FCRA allegations have no basis because Horizon is not a consumer reporting agency.  Moreover, Horizon has already produced 188 documents in response to these requests.

Horizon respectfully requests Your Honor's assistance in narrowing the overly broad scope of Plaintiffs' requested discovery and determining the extent to which Plaintiffs should bear the costs of discovery for requests that are not proportional to the issues in this case.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i) ("the court must limit the frequency or extent of discovery … if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative").

Respectfully submitted,

*s/ David Jay*
David Jay

cc:  All counsel of record via email

GREENBERG TRAURIG, LLP  ☐  ATTORNEYS AT LAW  ☐  WWW.GTLAW.COM
500 CAMPUS DRIVE, SUITE 400, FLORHAM PARK, NEW JERSEY 07932 ☐ TEL: 973.360.7900 ☐ FAX 973.301.8410